GEORGE CLEAVELAND *vs.* HARVEY DEMING.

To enable a party to avoid the levy of an execution upon land by proving fraud in the judgement, it is necessary that he should have acquired a legal interest in the land as against the judgement debtor. It is not sufficient that he claims the land by a previous levy which is defective and void.

*Quære*, whether an equitable interest in the property would entitle a party to go into such evidence of fraud.

*Ejectment* for 74 acres of land in *Salisbury*, to which both parties claimed title under the *Vermont Glass Factory Company*. The plaintiff gave in evidence the record of a judgement, execution, and levy upon the premises, in favor of *Simeon Hyde* against said company, perfected in September, A. D. 1819, and a deed from *Hyde* to himself, dated September, 26, 1821. The defendant relied upon a judgement, execution, and levy upon the same premises, in favor of *Asahel Strong* against said company, made in May, A. D. 1816, a deed from *Strong* to *Hart & French*, dated August, 2, 1816, and a deed from *Hart & French* to the defendant, dated March, 10, A. D. 1826; but it being proved at the trial, that the magistrate who appointed appraisers upon said execution was a stockholder in the company, and interested

ADDISON,
January,
1830.

Cleaveland
vs.
Deming.

in the levy, the defendant's evidence of title was excluded by the court. The defendant then offered evidence to prove, that the judgement in favor of *Hyde* against the company, under which the plaintiff derived title, was fraudulent, and that the plaintiff had notice of the fraud, he having acted as the agent of *Hyde* in procuring said judgement. This evidence being objected to by the plaintiff, and excluded by the court, a verdict and judgement passed in favor of the plaintiff. And the defendant having filed exceptions to the decision of the county court, the same was brought up for revision here, according to the statute.

After argument, the opinion of the court was delivered by

ROYCE, J.—As the statute of November 15, A. D. 1821, *sec.* 7, avoids fraudulent judgements and executions " as against the " party or parties, only, whose right, debt or duty is endeavored " to be avoided, their heirs, executors, administrators or assigns," the question in this case is, whether the defendant's situation, with respect to the company, and to the property in question, entitles him to claim the benefits of the statute, and to impeach the plaintiff's title on the ground of fraud, It is said he stands in the place of *Strong* who was a creditor of the company, and whose debt was apparently satisfied by a levy upon the premises in question, prior to that under which the plaintiff claims ; that *Strong's* levy has never been avoided or impeached by the company, who have acquiesced in this mode of satisfying their debt to *Strong* ; and that the defendant, being in possession under a deed from *Strong,* and under a title from the company apparently legal, has a right to go into the evidence of fraud, as the grantee of a creditor whose right was endeavored to be avoided, and also for the purpose of disarming the plaintiff of his right to impeach the title acquired by *Strong*.

It may be granted that the defendant has all the rights of *Strong,* and that the question is the same as if *Hyde* and *Strong* were the parties to this action, and yet we think the evidence of fraud was properly excluded. The practice of setting aside or correcting a levy upon land, by application to the court which issued the execution, has never prevailed in this state, except in certain cases where a *scire facias* is given by statute, and then the application is made by the judgement creditor and not by the debtor ; nor has the distinction now attempted, between levies which are void and those which are only voidable, ever been recognized. It was, therefore, competent for the plaintiff to invalidate the levy under which the defendant claims, and the court have before decided that the evidence given was proper for that purpose.* The con-

*Settled by the court in this cause at the last term, on a bill of exceptions presenting that question.

ADDISON,
January,
1830.

Cleveland.
vs.
Deming.

sequence was, that the defendant was left in possession without title and as a trespasser. The creditor himself acquired no inter-est in the land by the levy, so as to entitle him to impeach the right of *Hyde* or his grantee on the ground of fraud, and the defendant cannot be allowed to stand in a better situation. Had the defendant entered under a contract with the company for a purchase of the land, or had he shown any other claim to the property, which a court of equity would probably enforce, against a creditor, and to protect such equitable right, had offered evidence of fraud in the plaintiff's title, the case might perhaps have deserved a different consideration. No such question however is now before the court, as the levy of an execution has no resemblance to the transfer of property by contract of the parties, it being a compulsory process which if not wholly legal is wholly void. These parties are not on equal ground, for while the plaintiff, by reason of his connexion with the property in question, has a right to expose the weakness of the defendant's title, the defendant, for want of any legal right or interest in the property, is not at liberty to urge the particular objection of fraud to the title of the plaintiff. The defendant would seem to be in little danger of suffering materially from this decision, since he has a right to attach and set off the land anew, if the title of the plaintiff is really infected with fraud.

Judgement of county court affirmed.

*Doolittle* and *Bates*, for plaintiff.
*Phelps* and *Starr*, for defendant.